# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

METAVANTE CORPORATION,

        Plaintiff,

v.                                                                   Case No. 05-C-1221

EMIGRANT SAVINGS BANK,

        Defendant.

## ORDER FOR EXCHANGE OF CONFIDENTIAL INFORMATION
## BY THIRD-PARTY NCR CORPORATION

Defendant has served a subpoena duces tecum on NCR Corporation ("NCR") requiring production of certain documents. Pursuant to the Stipulation of the Parties and NCR, and for good cause shown, it is hereby ordered that:

1. "NCR Discovery Material" includes all documents or other information produced by NCR in the course of discovery (including in response to a subpoena), and all deposition testimony related to NCR or documents produced by NCR. Provided, however, the Parties shall comply with any agreements entered into prior to the filing of this litigation related to any confidentiality of documents obtained from NCR prior to production of documents in this case.

2. "Trade Secret" means any information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply:

  i. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure.

  ii. The information is subject to efforts to maintain its secrecy that are reasonable under the circumstances.

3. "Nonpublic Personal Information" means personally identifiable information protected by and defined in Title V of the Gramm-Leach-Bliley Act, 15 U.S.C. 6801 et seq. and Part 332 of the Regulation of the Federal Deposit Insurance Corporation, 12 C.F.R. 332.

4. NCR may designate NCR Discovery Material containing Trade Secrets, Non-Public Personal Information or Non-Public Financial Benefits Information (as defined in Paragraph 11 below) by placing or affixing on a document in a manner which will not interfere with its legibility, the words: "NCR CONFIDENTIAL" or otherwise plainly designating information on other media (such as a CD, disk, zip drive, etc.) as NCR CONFIDENTIAL. Except for NCR Discovery Material produced for inspection at NCR's facilities, the designation of documents or information as NCR CONFIDENTIAL must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents or information are produced for inspection at NCR's facilities, such NCR Discovery Material may be produced for inspection before

-2-

Case 2:05-cv-01221-JPS Filed 08/15/08 Page 2 of 13 Document 320

being marked confidential. Once specific NCR Discovery Material have been designated for copying or duplication, any documents containing confidential information shall then be marked NCR CONFIDENTIAL after reproduction, but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential NCR Discovery Material before they are copied and designated confidential pursuant to this procedure. Provided, the parties will also treat any copies of NCR Discovery Materials designated as NCR CONFIDENTIAL which were already in their possession prior to production by NCR (including documents obtained by any of the parties or otherwise acquired from another third party) as NCR CONFIDENTIAL following production by NCR.

5. Any Party taking a deposition which discusses, reveals or tends to reveal information or the content of documents designated as NCR CONFIDENTIAL shall provide NCR with an opportunity to inspect the deposition transcript following completion of the deposition. Portions of any such deposition transcripts discussing or revealing NCR CONFIDENTIAL information or documents automatically will be deemed NCR CONFIDENTIAL up until 10 (ten) days after the receipt by NCR of the final transcript of the deposition. For any such designation thereafter, NCR shall serve on all Parties a designation of specific pages of transcript as NCR CONFIDENTIAL. Otherwise the Parties must agree in writing to such designation or NCR must obtain a court order. If any

pages of a deposition transcript are so designated as NCR CONFIDENTIAL, then any such pages that are filed with the Court shall be filed under seal in accordance with Paragraphs 10 and 11.

6. NCR Discovery Material designated as NCR CONFIDENTIAL under this rule may not be used or disclosed by counsel for the Parties or any persons identified in Subparagraph 7 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

7. Counsel for the Parties may not disclose or permit the disclosure of any NCR Discovery Material designated as NCR CONFIDENTIAL to any representative of a Party or any other person or entity, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to employees of counsel for the Parties who have responsibility for the preparation and/or trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order.

ii. Disclosure may be made to an employee or employees of a Party if (a) that Party generated, created, or authored the documents or if it is apparent from the context of the document or otherwise that such employee or Party has previously been provided or has previously received

a copy of the document in the normal course of business prior to the filing of this lawsuit; or (b) the Party has previously been provided with or received a copy of the documents in the normal course of business and such disclosure is permitted by any agreements entered into prior to the filing of this litigation related to any confidentiality of documents obtained from NCR prior to the production of documents in this case. Provided, however, before any such disclosure is made, each such employee must first be informed of and agree to be bound by the provisions of this Order.

iii.     Disclosure may be made to court reporters engaged for deposition and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

iv.     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by either Party or counsel for either Party to assist in the preparation and/or trial of the lawsuit. Prior to disclosure to any expert, NCR must be informed about the identity and business affiliations of any such expert. If NCR (a) provides the Party with notice of any objection within 5 (five) days of the disclosure of an expert's identity and (b) moves for a Court Order within 10

(ten) days of such disclosure of an expert's identity, no such disclosure of NCR Discovery Material designated NCR CONFIDENTIAL shall be made to that expert without a Court Order. Absent an objection, or in the event of a Court Order, the expert must be informed of and agree to be subject to the provisions of this Order.

8. Except as provided in Subparagraph 7, counsel for the Parties must keep all NCR Discovery Material designated NCR CONFIDENTIAL secure within their exclusive possession and must place any documents in a secure area and any electronic documents on a server must be password protected.

9. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of NCR Discovery Material designated as NCR CONFIDENTIAL or any portion thereof, must be affixed with the words "NCR CONFIDENTIAL" if that designation does not already appear.

10. A Party may file with the Court any NCR Discovery Material designated as "NCR CONFIDENTIAL" only filed under seal with the Clerk of Court in an envelope marked with words substantially similar to: "Contains Confidential Information of Third-Party Witness NCR Corporation -- SEALED Pursuant to Court Order in Case No. 05-C-1221." A reference to this Order should be made on the envelope.

11. NCR Discovery Material designated as NCR CONFIDENTIAL must be filed with the Court under seal because such NCR Discovery Material reveals or tends to reveal:

    i. Trade Secrets, including proprietary information that is not generally known to the public and disclosure of which would assist competitors or harm the disclosing Party;

    ii. Nonpublic Personal Information, including Social Security numbers, depository amounts and financial information disclosed on a state or federal tax return; and/or

    iii. Nonpublic Financial or Business Information, such as pricing, statements of revenues or expenditures, profit and loss information, business strategies, financial valuations, budgets, financial projections and forecasts or financial analyses, that are not generally known to the public and disclosure of which the producing party believes would assist its competitors or otherwise harm it.

12. This Order shall not preclude any Party or interested member of the public from claiming that any NCR Discovery Material filed under seal is not entitled to the protections of this Order by: (a) applying to the Court for an order permitting the disclosure or use of the NCR Discovery Material in a manner not provided for by this Order; (b) applying for an order modifying this Order in any respect; or (c) by written agreement of NCR. Any person seeking an order under

this paragraph must accompany such application or motion with the statement required by Civil L.R. 37.1 and a certification that NCR has been served with a copy of that person's motion or other request. NCR should be afforded an opportunity to be heard if it objects to disclosure of previously sealed documents or transcripts containing NCR CONFIDENTIAL information. Any person prevailing on any such motion will not be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

13. If NCR inadvertently produces NCR Discovery Material that it considers to be protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, in whole or in part, NCR may retrieve such NCR Discovery Material as follows:

    i. Within ten (10) days of the date of discovery by NCR or of an inadvertent production, NCR must give written notice to the parties in receipt of such inadvertent production that NCR claims the NCR Discovery Material, in whole or in part, is privileged or protected from disclosure. In addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

    ii. Upon receipt of such notice, any Party who has received the NCR Discovery Material shall promptly return all copies to NCR. In the event that only part of a document is claimed to be privileged or protected,

NCR shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such notice.

      iii.    The provisions of subparts (i) and (ii) of this Paragraph are without prejudice to any other rights that a Party may have with respect to challenging or defending any claim or privilege. Provided, however, that no claim of waiver, estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against NCR if NCR has complied with subpart (i) of this Paragraph.

14.    If NCR inadvertently produces NCR Discovery Material without designating it as NCR CONFIDENTIAL, NCR may at any time prior to the fact discovery cutoff in this action redesignate such NCR Discovery Material as NCR CONFIDENTIAL by producing the material again with the words "NCR CONFIDENTIAL" marked conspicuously on the document. The Party receiving such designated NCR Discovery Material shall thereafter treat such material as confidential as provided in this Order.

15.    Within thirty (30) days after final disposition or resolution of this action, or any appeal relating to the final disposition or resolution of this Action, such Party shall return all NCR Discovery Material (including all copies and extracts) to NCR.

16. If another court or government entity or agency, or any other person or entity, subpoenas or otherwise compels production of any NCR Discovery Material that a Party has obtained under the terms of this Order, such Party shall as soon as possible, and in no event later than five (5) business days from the subpoena to other compulsory process demanding or requiring such production, provide written notice to counsel for NCR of the pendency of such subpoenas or compulsory process, including a copy of such subpoenas or orders. In no event shall production or disclosure be made before notice of at least five (5) business days is given to and received by NCR unless the subpoenas or orders require a shorter time, in which case the producing Party or its counsel shall receive immediate notice to NCR by telephone, facsimile and email.

17. This Order is without prejudice to a Party or NCR seeking a higher level of confidentiality for any disclosure of NCR Discovery Material.

18. Nothing in this Order is intended to (a) constitute an agreement regarding the scope of discovery; (b) permit the use or disclosure of any NCR Discovery Material designated as NCR CONFIDENTIAL at trial, or (c) limit or restrict Metavante Corporation's ability or right to use, subject to any confidentiality limitations or other restrictions to which Metavante Corporation and NCR previously agreed in other contracts or agreements, any documents and other information that Metavante Corporation had generated, created, authored, provided to NCR or any other party, or received from NCR or any other party prior

to the entry of this Order, even if the documents or other information are designated as NCR Discovery Material. If any Party intends to mark any document designated NCR CONFIDENTIAL as an exhibit at trial or elicit testimony which will reveal or might tend to reveal the contents of any NCR Discovery Material designated as NCR CONFIDENTIAL at trial, such Party shall provide at least ten (10) days notice prior to submission of any such documentation or information to the Court. NCR and the Parties shall then seek to reach agreement concerning a proposed Order to submit to the Court to ensure continued protection of the confidentiality of such information. The Parties also agree not to oppose any effort by NCR to be heard by the Court regarding the need for protection at trial of NCR Discovery Material designated as NCR CONFIDENTIAL.

19. The provision of this Order may not be waived, modified, amended or terminated absent written agreement by both Parties approved by the Court or by separate Order of the Court.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

METAVANTE CORPORATION, a Wisconsin corporation,

       Plaintiff,

v.                                                     Case No. 05-C-1221

EMIGRANT SAVINGS BANK, a New York corporation,

       Defendant.

---

## EXHIBIT A TO THE ORDER FOR EXCHANGE OF CONFIDENTIAL INFORMATION BY THIRD-PARTY NCR CORPORATION

---

### CONFIDENTIALITY UNDERTAKING

      I hereby attest to my understanding that documents, materials, or information that have been identified as NCR CONFIDENTIAL are subject to the terms and conditions of the Order for Exchange of Confidential Information by Third-Party NCR Corporation ("Order") (filed August 15, 2008). I hereby attest that I have been given a copy of and have read the Order and that I hereby agree to be bound by them and their terms. I agree that I shall not disclose to others, except in accordance with the terms of the Order and Supplemental Order, such NCR CONFIDENTIAL documents, materials, or information. I further agree that the United States District Court for the Eastern District of Wisconsin has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.

      If I am signing on behalf of a firm of court reporters, consultants, investigators experts, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Order and Supplemental Order and the firm's responsibilities hereunder.

Signature: _____
Name (type or print): _____
Position: _____
Firm: _____
Address: _____
Telephone Number:_____
Date:_____