# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

METAVANTE CORPORATION,

       Plaintiff,

v.                                               Case No. 05-CV-1221

EMIGRANT SAVINGS BANK,

       Defendant.

_____

## ORDER

On November 26, 2008, the court issued an order granting in part and denying in part a motion for summary judgment filed by plaintiff Metavante Corporation ("Metavante"). (Docket #426). In that order, the court found that defendant Emigrant Savings Bank ("Emigrant") was not entitled to consequential or punitive damages on its counterclaims for breach of contract, intentional misrepresentation and fraud in the inducement. Emigrant now moves, pursuant to Fed.R.Civ.P. 59(e), that the court reconsider portions of its order.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to amend or alter a judgment within ten days after the entry of the judgment. *See* Fed.R.Civ.P. 59(e). A party seeking an amendment or alteration under Rule 59(e) must show such relief is warranted based on either "newly discovered evidence or a manifest error of law or fact." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). This rule provides an opportunity for the ruling court to address its own errors, thereby avoiding burdensome appellate review. *See id.* However, Rule 59(e) does not provide a party with an entirely new shot at the

summary judgment apple. Consequently, a party may not use a Rule 59(e) motion to advance new evidence and arguments that could have, and should have, been presented before entry of judgment, or to undo the party's procedural failings. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted).

Emigrant's motion for reconsideration was filed within ten days of the court's order. In its motion, Emigrant argues that the court erred as a matter of both law and fact in finding that the terms of the Technology Outsourcing Agreement (the "Agreement") bar recovery of consequential and punitive damages for Emigrant's counterclaims. Emigrant directs the court to section 9.2 of the Agreement in support of its contention. Emigrant also asserts that the court erred in barring consequential and punitive damages for Emigrant's breach of contract claim because the limitation in section 9.2 does not apply to a claim alleging intentional breach of contract. Metavante responds to Emigrant's motion by asserting that Emigrant is merely rehashing its same arguments, and that Emigrant has not demonstrated that the court's order contained a manifest error.

Emigrant's argument is not new, although the court does not consider either party to have fully addressed it in their submissions on summary judgment. Emigrant devoted one sentence of its forty-eight page opposition brief to the assertion that section 9.2 "by its own terms, does not protect Metavante from claims–such as fraud–that do not arise from a breach of the Agreement." (Opp'n Br. 22, Docket #378). Metavante's supporting papers did not draw any meaningful distinction between Emigrants' counterclaims for breach of contract and its fraud in the inducement and

-2-

Case 2:05-cv-01221-JPS   Filed 12/16/08   Page 2 of 5   Document 492

intentional misrepresentation claims when arguing that section 9.2 barred recovery of consequential and punitive damages. (Supp. Br. 6-8, 12, Docket #332).

At the outset, the court reaffirms its finding that section 9.2 of the Agreement is a reasonable stipulated damages clause that bars recovery of consequential and punitive damages for certain claims. The court also reaffirms its finding that section 9.2 of the Agreement does not contain any proviso for claims alleging reckless or intentional conduct. (Order, November 26, 2008, 7-10, Docket # 426). However, the court finds that its application of section 9.2 of the Agreement to Emigrant's counterclaims was incomplete. As a result, the court is obliged to clarify and amend its previous order.

As the court earlier stated, under Wisconsin law, terms of contracts should be given their ordinary or plain meaning whenever possible. *See FPL Energy Point Beach, LLC v. Energy Resources of Australia Ltd.*, 565 F.Supp.2d 999, 1004 (W.D.Wis. 2008) (citation omitted). Section 9.2 limits liability "IN CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHERWISE, FOR INCIDENTAL, CONSEQUENTIAL, SPECIAL, PUNITIVE, OR EXEMPLARY DAMAGES OF ANY KIND." However, section 9.2 goes on to constrain its applicability to those claims arising "AS A RESULT OF ANY BREACH OF ANY WARRANTY OR OTHER TERM OF THIS AGREEMENT, INCLUDING ANY FAILURE OF PERFORMANCE, REGARDLESS OF WHETHER THE PARTY LIABLE OR ALLEGEDLY LIABLE WAS ADVISED, HAD OTHER REASON TO KNOW, OR IN FACT KNEW OF THE POSSIBILITY THEREOF." (Ex. B, § 9.2, Docket #456). In its counterclaims for fraud in the inducement and intentional

misrepresentation, Emigrant alleges that Metavante made misrepresentations prior to the execution of the Agreement, and that Metavante continued making misrepresentations during the performance of the Agreement. (Second Am. Answer & Countercl., Docket #84). Emigrant does not allege that these misrepresentations were incorporated into the Agreement, or were converted into warranties in the Agreement. Rather, these alleged misrepresentations occurred prior to and subsequent to the formation of the Agreement. Based on these facts, the court cannot conclude that Metavante's potential liability for fraud in the inducement and intentional misrepresentation resulted from a breach of any warranty or other term of the Agreement. Rather, these claims are independent of any claim resulting from a breach of the Agreement. Therefore, the court finds that section 9.2 does not apply to Emigrant's claims of fraud in the inducement and intentional misrepresentation.

The court declines to reconsider its findings of law or fact with respect to the enforceability and applicability of section 9.2 to Emigrant's counterclaim for breach of contract. The court's November 26, 2008 order remains in effect to the extent it is not inconsistent with this order.

Accordingly,

**IT IS ORDERED** that Emigrant's motion for reconsideration (Docket #453) be and the same is hereby **GRANTED** in part;

**IT IS FURTHER ORDERED** that the court's November 26, 2008 order (Docket #426) be and the same is hereby **AMENDED**; section 9.2 of the Agreement does not bar recovery of consequential or punitive damages for Emigrant's fraud in the

inducement and intentional misrepresentation counterclaims; Emigrant is not entitled to consequential or punitive damages on its counterclaim for breach of contract.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge