UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

METAVANTE CORPORATION,

        Plaintiff,

v.

                                                     Case No. 05-CV-1221

EMIGRANT SAVINGS BANK,

        Defendant.

## ORDER

On November 26, 2008, the court issued an order granting in part and denying in part a motion for summary judgment filed by plaintiff Metavante Corporation ("Metavante"). (Docket #426). On December 1, 2008, Emigrant Savings Bank ("Emigrant") filed a motion for reconsideration of a portion of that order. (Docket #453). On December 16, 2008, the court granted Emigrant's motion in part, and modified its earlier order. (Docket #492). Now, Metavante has filed its own motion for reconsideration or, in the alternative, for judgment on the pleadings. (Docket #499).

From the outset, the court reiterates that motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). However, a motion for reconsideration is not to be used as a "forum for rehashing previously rejected

arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270 (citations omitted).

In its motion, Metavante asserts that the court's December 16, 2008 order granting Emigrant's motion for reconsideration should itself be reconsidered and vacated. Specifically, Metavante asserts that the court erred in finding that section 9.2 of the Technology Outsourcing Agreement (the "Agreement") at issue in this case does not bar Emigrant's ability to recover consequential or punitive damages on Emigrant's counterclaims of fraud in the inducement and intentional misrepresentation. Metavante asks that the court reinstate its November 26, 2008 order in its entirety.

After reviewing Metavante's contentions, the court declines to revisit its December 16, 2008 order. In support of its latest motion, Metavante repeats an identical, albeit amplified, argument based on the election of remedies doctrine that it made in opposition to Emigrant's motion for reconsideration. (Supp. Brief, 10-12, Docket #495; Opp'n Brief, 3, Docket #477). The court considers Metavante's election of remedies argument misplaced.[1] While the election of remedies doctrine prevents a party from recovering twice for the same wrong, it does not necessarily limit a plaintiff's ability to sue under a fraud theory and a breach of contract theory. *See Wickenhauser v. Lehtinen*, 302 Wis.2d 41, 53 n.2 (2007); *Head & Seemann,*

---

[1] Even though Metavante raised the argument in opposition to Emigrant's motion, the court did not deem the argument worthy of comment in its December 16, 2008 order. (Order, December 16, 2008, Docket #492).

-2-

Case 2:05-cv-01221-JPS   Filed 02/12/09   Page 2 of 4   Document 508

*Inc. v. Gregg*, 104 Wis.2d 156, 159 (1981). Therefore, the election of remedies doctrine provides no basis for the relief Metavante now seeks.

Metavante also argues that because Emigrant's counterclaims of fraud in the inducement, intentional misrepresentation and breach of contract rely on the same facts, the remedies sought for these counterclaims must somehow merge as a matter of law. In its reply, Metavante states that "[s]imply put, if there is no breach, there is no fraud. That is the legal consequence of Emigrant basing its fraud and contract claims on the same allegations and the same alleged acts." (Reply Br. 2, Docket #506). Metavante goes on to argue that since Emigrant's fraud-based counterclaims rely on the same allegations as Emigrant's breach of contract counterclaim, sections 9.2 and 18(L) of the Agreement must limit Emigrant's right to recover on its fraud-based claims and its breach of contract claims. Based on the allegations in this case, the court is not convinced that Emigrant's success on its fraud in the inducement and intentional misrepresentation claims is dependent on its success on its breach of contract claim. Moreover, adopting Metavante's argument would create a peculiar result in which sections 9.2 and 18(L) of the Agreement would limit Emigrant's fraud remedies, when, absent the fraud, Emigrant alleges that it would not have entered into the Agreement in the first instance. *See Mike Finnin Ford, Inc. v. Automatic Data Processing, Inc.*, 220 F.Supp.2d 970, 978 (N.D.Iowa 2001) (applying Iowa law). Because Metavante has not demonstrated any manifest error of law or fact in the court's December 16, 2008 order, the court denies Metavante's motion to reconsider.

Metavante alternatively asks that the court enter judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), and find that Emigrant is barred from seeking or recovering consequential and punitive damages under sections 9.2 and 18(L) of the Agreement. Such a motion is untimely, as the deadline for dispositive motions was September 1, 2008. (Scheduling Order, February 8, 2008, Docket #201). Nearly five months after that deadline, Metavante appears to be using Rule 12(c) as a way to expand the arguments it has already made or could have made in its summary judgment motion and in its response to Emigrant's motion for reconsideration. While the Seventh Circuit has held that a Rule 12(c) motion may be brought after a deadline for dispositive motions, Metavante has not demonstrated that good cause exists in this case. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Metavante's motion for reconsideration or, in the alternative, for judgment on the pleadings (Docket #499), be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge