UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

METAVANTE CORPORATION,

        Plaintiff,

v.                                       Case No. 05-CV-1221

EMIGRANT SAVINGS BANK,

        Defendant.

_____

# ORDER

On June 15, 2009, after more than three years of litigation and a nine day bench trial, the court issued its order of final judgment in this case. (Docket #550). In doing so, the court entered judgment in favor of Metavante Corporation ("Metavante") and against Emigrant Savings Bank ("Emigrant") on the two counts contained in Metavante's second amended complaint, as well as the eight counts contained in Emigrant's second amended answer and counterclaims. On June 29, 2009, Emigrant filed a motion to alter judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure or, in the alternative, to grant a new trial pursuant to Rule 59(a).

Under Rule 52(b), a party may move to amend the court's findings of fact and law within 10 days after the entry of judgment, and may simultaneously move for a new trial under Rule 59. Rule 59(e) similarly gives a party 10 days from the entry of judgment to file a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rules 52(b) and 59(e) are not meant to be vehicles with which to relitigate the issues

in a case or advance new legal theories. *See Diebitz v. Arreola*, 834 F.Supp. 298, 302-03 (E.D. Wis. 1993). Rather, these rules require the moving party to establish that the court made a manifest error of law or fact, or show a change in the law or newly discovered evidence affecting the findings or judgment. *Id.*

Here, Emigrant contends that the final judgment should be amended to reflect that Emigrant prevailed on one of Metavante's claims for damages. Specifically, Emigrant asserts that the court found in Emigrant's favor and against Metavante on Metavante's claim that it was entitled to the full termination fee amount under the parties' Technology Outsourcing Agreement ("Agreement"). Emigrant refers to this as the "In-House Claim." Emigrant notes that this finding has immediate significance with respect to Metavante's expected request for attorneys' fees and costs.

Metavante responds arguing that neither it nor Emigrant ever asserted an independent "In-House Claim" and, therefore, Emigrant cannot be considered a prevailing party under the Agreement. Metavante notes that its second amended complaint asserted only a breach of contract claim and a declaratory judgment claim.

Because Emigrant has shown no manifest error of law or fact, new evidence or any change in the law affecting either the court's findings or final judgment, the court is obliged to deny the portion of its motion made pursuant to Rules 52(b) and 59(e). The court's June 3, 2009 oral decision adequately set forth sufficient findings of fact and conclusions of law to support the final judgment entered in this case. The court was never called upon to enter a final judgment on an "In-House Claim." An

"In-House Claim" was never pleaded or otherwise presented to the court as an independent damages claim. The "claim" to which Emigrant refers was merely a partial defense Emigrant put forth on the question of the appropriate termination fee owed to Metavante. Metavante prevailed on count two of its second amended complaint, which sought a declaration that Metavante was entitled to a termination fee. While the court found that Metavante was entitled to an amount less than the full termination fee under the Agreement, the record is sufficiently clear on this point. On the matter of attorneys' fees and costs, the court also made specific findings with respect to the relevant provisions of the Agreement. These findings are also reflected in the final judgment. Therefore, no alteration to the court's findings or the final judgment is necessary.

Emigrant also asks the court to either amend its findings to completely reverse the outcome in this case, or, in the alternative, grant a new trial pursuant to Rule 59(a). Emigrant argues the court committed manifest errors of law by finding in favor of Metavante on all claims. Emigrant contends that the court's findings of fact and conclusions of law were against the overwhelming weight of the evidence, that the court uncritically adopted verbatim most of Metavante's proposed findings of fact and conclusions of law and that the court relied on inadmissible testimony and extrinsic evidence. Although the court finds Emigrant's alleged points of error rather disingenuous in light of the court's lengthy oral decision, the court recognizes that Emigrant is free to take an appeal to the United States Court of Appeals for the

Seventh Circuit if it so chooses. However, on the basis of the record before this court, Emigrant has failed to demonstrate that the court made any manifest errors of law or fact warranting amended findings, or an amended judgment, much less a new trial.

Accordingly,

**IT IS ORDERED** that Emigrant's motion for amended findings and judgment or for a new trial (Docket #553) be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 14th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge