# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

METAVANTE CORPORATION,

    Plaintiff,

v.                                                  Case No. 05-CV-1221

EMIGRANT SAVINGS BANK,

    Defendant.

_____

## ORDER

More than a year ago, after a lengthy bench trial, this court entered judgment in favor of the plaintiff, Metavante Corporation ("Metavante"), on a breach of contract claim against the defendant, Emigrant Savings Bank ("Emigrant"). (Docket #550). The court also dismissed all of Emigrant's counterclaims against Metavante, ordered that Emigrant pay Metavante damages and prejudgment interest in the amount of $2,023,057.65, and required that Emigrant pay Metavante's "costs, attorneys' fees actually incurred, and necessary disbursements incurred in connection with [the] action, as well as other fees, costs, and charges incurred by Metavante in collecting payment of the charges and any other amount for which Emigrant is liable" under the terms and conditions of the parties' contract. (Docket #550). Finally, the court stated that Emigrant shall pay "post-judgment interest to Metavante . . . from the date of entry of [the] Final Judgment until the date that Emigrant pays the Final Judgment in full." (Docket #550). The court issued a formal order regarding the attorneys' fees, costs, and disbursements Emigrant owed to Metavante on

November 27, 2009, requiring that the defendant pay the plaintiff $9,998,969.95. (Docket #597). Emigrant appealed the court's judgment on the merits and the court's order with respect to the costs and attorneys' fees. (Docket #563, #600). To secure payment of the merits award, Emigrant posted a supersedeas bond pursuant to Fed. R. Civ. P. 62 (Docket #596), and to secure the fees award, Emigrant made a cash deposit with the court's registry. (Docket #610). In the wake of Emigrant's appeal, the court, upon stipulation of the parties, stayed "any proceedings to enforce the appealed judgment . . . pending the determination of Emigrant's appeal from such judgment, which the Court of Appeals has docketed as Appeal No. 09-3996 and consolidated with Appeal No. 09-3007." (Docket #610). The court order also stated that Metavante may, following the time the appeal shall be dismissed or the appealed judgment affirmed, apply to this court to collect any moneys owed by Emigrant to Metavante under the terms of the appealed Judgment. (Docket #610).

The latter statement from the court's January 13, 2010 order is particularly applicable to the latest motions to grace this case's docket. On August 30, 2010, the Seventh Circuit Court of Appeals released a fifty-four page decision affirming in its entirety the judgment of this court in favor of Metavante, including the award of $2,023.057.65 on the merits and $9,998,969.95 in fees, costs, and disbursements through June of 2009, with the addition of interest on both sums. The defendant did not file a petition for a panel rehearing within the time allotted under Fed. R. App. P. 40(a)(1). Moreover, the defendant has not filed a motion to stay the mandate from

the Court of Appeals pursuant to Fed. R. App. P. 41(d)(2). Accordingly, on September 21, 2010, the Seventh Circuit issued its mandate in this case in accordance with the timeline prescribed in Fed. R. App. P. 41(b). (Docket #613).

On September 17, 2010, the plaintiff moved, pursuant to Civil L.R. 7(h), to lift the existing stay of judgment and to issue an order requiring: (1) "Emigrant and/or the Platte River Insurance Company (the Surety) to pay Metavante forthwith $2,037,414.39"; and (2) "the Clerk of the Court to pay Metavante forthwith $10,069,928.17 from the money Emigrant deposited in the Court's registry." (Pl.'s Mot. at 1). Emigrant first opposes lifting the existing stay of judgment, arguing that the defendant "intends to file . . . a petition [for a writ of *certiorari* in the Supreme Court of the United States] no later than Monday, November 29, 2010," and that the court's stay should not be lifted until the appeal is fully resolved by this nation's highest court. (Def.'s Br. 1). The plain language of this court's January 13, 2010 order states that the judgment in this case was stayed pending the determination of Emigrant's appeal as docketed in the Seventh Circuit Court of Appeals and no longer. Any ambiguity in this court's stay order may only be addressed in light of the authority of this court to issue a stay that would limit the effect of the Seventh Circuit's order. In fact, the necessary result of the defendant's opposition to the plaintiff's motion is to stay the Seventh Circuit's mandate. However, by the terms of 28 U.S.C. § 2101(f), a stay pending an application for *certiorari* to the Supreme Court "may be granted by a judge of the court rendering the judgment or decree or

by a justice of the Supreme Court." Courts interpreting the language of 28 U.S.C. § 2101(f) have universally concurred that the language is exclusive, prohibiting the district court from staying the enforcement of a court of appeals' judgment pending an appeal to the Supreme Court. *See, e.g., In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (holding that only the appellate court or the Supreme Court are authorized to issue a stay pending the appeal to the high court); *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (same); *Brinkman v. Department of Corrections*, 857 F. Supp. 775, 777 (D. Kan. 1994) (same); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990) (same); *Hovater v. Equifax Services, Inc.*, 669 F. Supp. 392, 393 (N.D.Ala. 1987) (same); *Deretich v. City of St. Francis*, 650 F. Supp. 645, 647 (D.Minn. 1986) (same). The court finds the above-cited cases controlling with regard to the ability of this court to further extend its January 13, 2010 stay order. With the mandate of the Seventh Circuit having been issued on September 21, 2010, the stay issued by this court on January 13, 2010, expired. *Gander*, 733 F. Supp. at 1347 ("The power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate.") (citing *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177, 66 L. Ed. 538, 42 S. Ct. 264 (1922), and *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987)). If the defendant wishes to stay the mandate of the Seventh Circuit pending petition for *certiorari*, the proper route is to direct such a motion to the Court of Appeals, *see* Fed. R. App. P. 41(d)(2), or the Supreme Court of the United States. *See* Sup. Ct.

R. 23. It is wholly inappropriate for this court to stay the mandate of a higher court pending review by the Supreme Court, and, as such, the court will grant the plaintiff's motion to lift the stay issued last January.

The question that remains is what amount Emigrant owes to Metavante. The plaintiff asserts that it is entitled to $2,037,414.39, the sum of the amount this court awarded in Metavante's favor on the merits of its breach of contract claim and the post-judgment interest on that amount. (Pl.'s Mot. ¶ 4). The defendant voices no objection to the monetary sum with respect to the judgment on the merits, and this court finds no error in the plaintiff's calculations. Accordingly, the court will order that Emigrant Savings Bank and Platte River Insurance Company, jointly and severally, shall forthwith pay Metavante the amount of $2,037,414.39 by wire transfer to an account specified by Metavante.

The only issue in dispute is what Metavante is entitled to with respect to the fee award. Metavante states that it is entitled to $10,069,928.17, the sum of the original fee award and the interest compounded annually on that fee award from the date of the entry of final judgment. (Pl.'s Mot. ¶ 5). Emigrant argues that post-judgment interest on the fee award should be calculated from November 27, 2009, the date that the fee award was issued, and not from June 15, 2009, the date that the court issued its judgment on the merits. (Def.'s Resp. Br. 2-3). The court need not reach the substance of Emigrant's argument. The court's June 15, 2009 final judgment unequivocally states that Emigrant "shall pay post-judgment interest to

Metavante on *all* of the . . . amounts . . . from the date of entry of this Final Judgment until the date that Emigrant pays the Final Judgment in full." (Docket #550 ¶ 6) (emphasis added). Emigrant never challenged this part of the court's final judgment in this court or on appeal. Accordingly, the defendant is now foreclosed from having another bite at the proverbial apple. *See Securities Investor Protection Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) ("A party who appeals from a judgment once on one theory and loses cannot on remand relitigate the same claim on a new theory.") As Emigrant does not voice any other objections with how Metavante reached the total of $10,069,928.17 as the proper amount of the fee award that is owed, and as this court does not find any error with Metavante's calculations, the court will grant the plaintiff's motion in full.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to lift stay of judgment and collect moneys owed (Docket #612) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the stay of enforcement of final judgment (Docket #610) be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Emigrant Savings Bank and Platte River Insurance Company, jointly and severally, shall forthwith – but in all events no later than September 29, 2010 – pay Metavante the amount of $2,037,414.39 by wire transfer to an account specified by Metavante;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forthwith – but in all events no later than September 29, 2010 – release to Metavante, by wire transfer to an account specified by Metavante if the clerk has the capability to wire funds, the amount of $10,069,928.17 from the funds Emigrant deposited in the court's registry on or about January 15, 2010;

**IT IS FURTHER ORDERED** that Metavante's motion for leave to file reply brief (Docket #615) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge